IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER

       v.                              07-CR-76-C-08
                                                  11-CR-49-C-01

ODILON FERNANDEZ-MARTINEZ,
(a.k.a. Marcos Martinez-Gomez)
(a.k.a Jose Martinez-Gomez)

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Odilon Fernandez-Martinez' supervised release was held on August 12, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Ronald G. Benavides. Also present was Senior U.S. Probation Officer Michael D. Harper.

      From the record and the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on November 20, 2007, following his conviction for mail fraud in violation of 18 U.S.C. §§ 1344 & 2. This

offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow.

Defendant was also sentenced in the Middle District of Georgia (Case No. 5:07-CR-41-001) on February 18, 2009, following his conviction for bank fraud, in violation of 18 U.S.C. § 1344. This conviction is also a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of eight months, with a 60-month term of supervised release to follow. On May 25, 2011, jurisdiction of this case was accepted in the Western District of Wisconsin and is now docketed under Case No. 11-cr-49-bbc-01.

Defendant began his term of supervised release on June 24, 2009.

On August 27, 2009, defendant was deported from the United States to Mexico. Sometime thereafter, he illegally reentered the United States in violation of the mandatory condition prohibiting him from committing another federal, state or local crime. His illegal reentry is also a violation of Special Condition No. 2 in Case No. 07-cr-76-bbc-08, and a violation of a special condition in Case No. 11-cr-49-bbc-01, both of which prohibit him from reentering the United States without legal permission.

On May 20, 2010, defendant was arrested on a charge of forgery by the Darlington, Wisconsin, Police Department, in violation of the mandatory condition prohibiting him from committing another federal, state or local crime. On August 6, 2010, he pleaded guilty

2

to being a party to a crime, forgery-uttering, a Class H felony under Wis. Stat. §§939.05 and 943.38(2) (Lafayette County Case No. 2010CF000040). On September 10, 2010, he was sentenced to a three-year term of probation and ordered to pay $9,715.91 restitution.

On July 2, 2010, defendant committed the offense of battery against a prisoner while incarcerated, in violation of the mandatory condition prohibiting him from committing another federal, state, or local crime. On October 27, 2010, he pleaded guilty to battery by a prisoner, which is a Class H felony under Wis. Stat. §940.20(1) (Lafayette County Circuit Court Case No. 2010CF000047) and was sentenced to 12 months' custody and 24 months' extended supervision.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon the finding of a Grade A violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on November 20, 2007, and the 60-month term of supervised release imposed on defendant on February 18, 2009, will be revoked.

Defendant's criminal history category is IV. With a Grade A violation, defendant has an advisory guideline term of imprisonment of 24 to 30 months. The statutory maximum

3

to which he can be sentenced upon revocation is six years, (three years' imprisonment on each case), under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years on each case if the offense for which a defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The purpose of this sentence is to hold defendant accountable for his behavior and protect the community.

ORDER

IT IS ORDERED that the periods of supervised release imposed on defendant in case no. 07-cr-76-bbc-08 on November 20, 2007, and in case no. 11-cr-49-bbc-01 on February 18, 2009, are REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 30 months in each case, with the terms to run concurrently with each other.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 12th day of August 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
U.S. District Judge